1
2

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

3
4

UNITED STATES OF AMERICA,

     Plaintiff,

     v.

CARLOS CRUZ-RIVERA,

     Defendant.

Criminal No. 3:15-CR-00486 (JAF)

5
6

**ORDER ON DEFENDANT'S RULE 29 MOTION**

7

**I.**

8

**Introduction**

9       By a superseding Indictment, dated September 9, 2015, a grand jury charged

10    defendant Carlos Cruz-Rivera ("Cruz") with three counts of carjacking (18 U.S.C.

11    § 2119[1], [2]), three counts of using, carrying, and brandishing a firearm during and in

12    relation to a crime of violence (18 U.S.C. § 924[c][1][A][ii]), and one count of possession

13    of a firearm by a convicted felon (18 U.S.C. § 922[g][1]), stemming from his commission

14    of three armed carjackings in San Juan, Puerto Rico, in June and July 2015 and from the

15    loaded and operable .40-caliber handgun that the police later recovered from the washing

16    machine in his apartment on the night of his arrest in July 2015.  (ECF No. 14.)  On

17    October 6, 2015, Cruz, represented by counsel, pleaded guilty to the carjacking counts,

18    choosing to go to trial on only the gun counts.  (ECF No. 39.)

1    On October 13, 2015, Cruz proceeded to trial before the court and a jury.  At trial,

2    Cruz stipulated, for purposes of the § 924(c) counts, that he had committed the predicate

3    carjackings "by force, violence, and intimidation" and, for purposes of the § 922(g)

4    count, that he had previously been convicted of a crime punishable by imprisonment of

5    more than one year.  (Joint Exs. Nos. 1, 2.)  At the close of the government's evidence,

6    Cruz moved the court, under Federal Rule of Criminal Procedure 29, for a judgment of

7    acquittal.  In particular, he adopted by reference the arguments he had made in an earlier

8    motion to dismiss, namely that the predicate carjackings are not crimes of violence under

9    18 U.S.C. § 924(c)(3).  (*See* ECF No. 20.)  The court denied the motion.  Following the

10   close of his own evidence, Cruz renewed the Rule 29 motion without elaboration, and the

11   court again denied it.  On October 15, 2015, the jury commenced deliberation of the case.

12   Later that same day, the jury convicted Cruz of the remaining counts in the Superseding

13   Indictment.  The court now issues this written opinion setting forth our reasons for the

14   denial of the Rule 29 motion.

15                                                        **II.**

16                                              **Legal Standard**

17    In reviewing Cruz's general claim that the trial evidence was legally insufficient to

18   prove the charges, "we look to see 'whether, after assaying all the evidence in the light

19   most amiable to the government, and taking all reasonable inferences in its favor, a

20   rational factfinder could find, beyond a reasonable doubt, that the prosecution

21   successfully proved the essential elements of [each] crime." *United States* v. *Soto*, 799

22   F.3d 68, __, 2015 U.S. App. LEXIS 14964, *51-52 (1st Cir. Aug. 25, 2015) (quoting

1    *United States* v. *Hebshie*, 549 F.3d 30, 35 [1st Cir. 2008]).  Meanwhile, Cruz's specific

2    claim that a carjacking under 18 U.S.C. § 2119 is not a crime of violence for purposes of

3    18 U.S.C. § 924(c)(3) is a pure question of law that can be decided without reference to

4    the trial evidence.  *United States* v. *Weston*, 960 F.2d 212, 217 (1st Cir. 1992).

5           To convict Cruz of each § 924(c) count, the government had to prove that he had

6    used, carried, and brandished a firearm "during and in relation to any crime of violence."

7    18 U.S.C. § 924(c)(1)(A)(ii).  "[T]he term 'crime of violence' means," in relevant part,

8    "an offense that is a felony and has as an element the use, attempted use, or threatened

9    use of physical force against the person or property of another."   18 U.S.C.

10   § 924(c)(3)(A).  In *Johnson* v. *United States*, 559 U.S. 133 (2010), the Supreme Court,

11   construing the Armed Career Criminal Act, held that "in the context of a statutory

12   definition of '*violent* felony,' the phrase 'physical force' means *violent* force – that is,

13   force capable of causing physical pain or injury to another person."  *Id*. at 140 (quoting

14   18 U.S.C. § 924[e][2][B]).  The First Circuit Court of Appeals has already applied this

15   definition of "physical force" to the phrase as used in § 4B1.2(a)(1) of the Sentencing

16   Guidelines, defining "crime of violence" for the career-offender sentencing enhancement,

17   and in 18 U.S.C. § 16, defining "crime of violence" for Title 18 generally.  *See United*

18   *States* v. *Serrano-Mercado*, 784 F.3d 838, 843 (1st Cir. 2015) (Guidelines); *United States*

19   v. *Fish*, 758 F.3d 1, 9 (1st Cir. 2014) (Section 16).  As a result, the court sees no reason

20   why this definition does not also apply to the phrase as used in 18 U.S.C. § 924(c)(3)(A).[1]

---

[1] In the earlier motion to dismiss, whose claims Cruz adopted in making the Rule 29 motion, Cruz asserted that this definition of "physical force" applies to 18 U.S.C. § 924(c)(3)(A).  (ECF No. 20 at 5.)

1   Thus, to qualify as a crime of violence, a predicate offense must have, as an element, the

2   use, attempted use, or threatened use of force capable of causing physical pain or injury

3   to another person.

4          Finally, to convict Cruz of the § 922(g) count, the jury had to find that he "(1) has

5   previously been convicted of a crime punishable by a term of imprisonment exceeding

6   one year, and (2) has knowingly possessed a firearm, (3) that was in or affected interstate

7   commerce." *United States* v. *O'Shea*, 426 F.3d 475, 479 (1st Cir. 2005).

8                                                **III.**

9                                             **Analysis**

10         The superseding Indictment alleged that the carjacking charges, to which Cruz had

11  pleaded guilty before trial, were the crimes of violence underlying the § 924(c) charges.

12  (ECF Nos. 14, 37.)   And, a person commits the felony offense of carjacking when he,

13  "with the intent to cause death or serious bodily harm, takes a motor vehicle . . . from the

14  person or presence of another by force and violence or by intimidation, or attempts to do

15  so."  18 U.S.C. § 2119.  The above statute clearly proscribes two methods of carjacking:

16  by "force and violence," and by "intimidation."  *Cf. United States* v. *Castro-Vazquez*, No.

17  13-1508 (1st Cir. Sept. 4, 2015), *20-22 (finding that a robbery statute prohibiting the

18  taking of property "'by means of violence or intimidation'" criminalizes "robbery either

19  by 'violence' or by 'intimidation'") (quoting 33 L.P.R.A. § 4826).   At trial, Cruz

20  stipulated that he had committed each carjacking "by force, violence, and intimidation,"

21  thereby admitting that each carjacking involved both methods.  (Joint Ex. No. 1.)

1        If 18 U.S.C. § 2119 is a divisible statute, criminalizing carjacking by force and

2    carjacking by intimidation as separate offenses, it follows that Cruz's carjacking offenses

3    were crimes of violence.  *See Descamps* v. *United States*, 133 S. Ct. 2276, 2281 (2013)

4    (defining "divisible statute").  In the aforementioned stipulation, Cruz admitted that each

5    predicate carjacking involved the element of force and violence.  (Joint Ex. No. 1.)  And,

6    it cannot be denied that carjacking by force and violence involves violent force.  Indeed,

7    the Supreme Court has held that because § 2119 modifies its actus reus with "the intent to

8    seriously harm or kill the [victim] if necessary," carjacking by force necessarily involves

9    "the defendant attempting to inflict, or actually inflicting, serious bodily harm" on the

10   victim.  *Holloway* v. *United States*, 526 U.S. 1, 11-12 (1999).  This offense clearly entails

11   the use or attempted use of force capable of causing physical pain or injury to another,

12   thereby satisfying the applicable definition of a crime of violence.  *See* 18 U.S.C.

13   § 924(c)(3)(A); *Johnson*, 559 U.S. at 140; *see also Descamps*, 133 S. Ct. at 2284 (holding

14   that "a conviction based on a guilty plea" qualifies as a violent felony under the ACCA if

15   the defendant "'necessarily admitted [the] elements of the generic offense'") (quoting

16   *Shepard* v. *United States*, 544 U.S. 13, 26 [2005]).  As a result, Cruz's challenge to the

17   § 924(c) counts fails if the federal carjacking statute is divisible in the above manner.

18        But, at the October 6, 2015, proceeding in this case, Cruz stated that he considers

19   18 U.S.C. § 2119 to be indivisible.  The court accepts this position because, in the end, it

20   does not matter whether the carjacking statute is divisible or indivisible.  That is because

21   carjacking by intimidation is also a crime of violence.

1    At the very least, carjacking by intimidation involves the threat of physical force.

2  "Intimidation means the threat of force," and it entails "conduct and words . . . calculated

3  to create the impression that any resistance or defiance by the [victim] would be met with

4  force." *United States* v. *Jones*, 932 F.2d 624, 625 (7th Cir. 1991) (Posner, J.).  Moreover,

5  the Supreme Court has indicated that carjacking by intimidation requires an act more akin

6  to "a deliberate threat of violence" than "an empty threat, or intimidating bluff," because

7  the intimidation must demonstrate a willingness "to seriously harm or kill the [victim] if

8  necessary to steal the car."  *Holloway*, 526 U.S. at 3, 11-12; *see also United States* v.

9  *Adams*, 265 F.3d 420, 424 (6th Cir. 2001) (to convict of carjacking by intimidation, the

10  jury must find that the defendant's "threats were actual rather than empty, and that they

11  were indicative of his conditional intent to seriously harm or kill his victims").  Thus,

12  under 18 U.S.C. § 2119, an intimidating threat involves, at minimum, a threat to use force

13  to cause injury.  And, the threatened causal agent must be physical force.  After all, "the

14  knowing or intentional causation of bodily injury necessarily involves the use of physical

15  force." *United States* v. *Castleman*, 134 S. Ct. 1405, 1414 (2014).  Physical injury can be

16  caused by no other means.  *Id*.  As a result, the court finds that carjacking by intimidation

17  under § 2119 necessarily involves the threatened use of physical force.

18    In sum, the felony offenses of carjacking by force and carjacking by intimidation

19  both have physical force, whether actual or threatened, as an element.  Accordingly, the

20  court finds that carjacking under 18 U.S.C. § 2119 categorically fulfills the requirements

21  of a crime of violence under 18 U.S.C. § 924(c)(3)(A).  *See United States* v. *Quinones*, 26

22  F.3d 213, 217 (1st Cir. 1994) (finding that "carjacking by its nature is a violent felony");

1    *see also United States* v. *Moore*, 43 F.3d 568, 572-73 (11th Cir. 1994) ("The term 'crime

2    of violence' as Congress defined it in 18 U.S.C. § 924[c][3] clearly includes carjacking"

3    because "'[t]aking or attempting to take by force and violence or by intimidation'

4    encompasses 'the use, attempted use, or threatened use of physical force . . . .'") (quoting

5    18 U.S.C. §§ 924[c][3][A], 2119).[2]

6         In the earlier motion to dismiss, Cruz nonetheless argued that a carjacking under

7    § 2119 is not a crime of violence because it can occur by means of intimidation alone,

8    and "a threat of physical injury to another . . . plainly does not require the use, attempted

9    use, or threatened use of 'violent force' against another."  (ECF No. 20 5-6.)  Cruz based

10   this argument on a series of cases that held that an offense defined as resulting in physical

11   injury does not necessarily involve the use or threatened use of force.  (*See* ECF No. 20 at

12   7-8.)  For example, Cruz quoted *United States* v. *Torres-Miguel*, 701 F.3d 165, 168-69

13   (4th Cir. 2012), for the holding that "threatening to poison another . . . involves no use or

14   threatened use of force," and *United States* v. *Perez-Vargas*, 414 F.3d 1282, 1286 (10th

15   Cir. 2005), for the finding that "intentionally placing a barrier in front of a car causing an

16   accident, or intentionally exposing someone to hazardous chemicals . . . [does] not use or

17   threaten the use of physical force."  (ECF No. 20 at 7-8.)  But even if Cruz's definition of

18   intimidation as a threat of injury were correct, those decisions are no longer good law.

19        As noted above, the Supreme Court recently held in *United States* v. *Castleman*,

20   134 S. Ct. 1405 (2014), that "the knowing or intentional causation of bodily injury

---

[2] Because the court finds that 18 U.S.C. § 2119 describes a crime of violence under 18 U.S.C. § 924(c)(3)(A), the court does not reach Cruz's claim that the definition of crime of violence in 18 U.S.C. § 924(c)(3)(B) must now be deemed unconstitutionally vague under the rule of *Johnson* v. *United States*, 135 S. Ct. 2551 (2015).  (*See* ECF No. 20 at 10-16.)

1   necessarily involves the use of physical force." *Id*. at 1414.  The Court defined "physical

2   force" as any "'force exerted by and through concrete bodies,' as opposed to 'intellectual

3   force or emotional force,'" noting that the definition of force "encompasses even its

4   indirect application." *Id*. (quoting *Johnson*, 559 U.S. at 138).  Thus, someone who causes

5   physical injury by "deceiving (the victim) into drinking a poisoned beverage, without

6   making contact of any kind," uses physical force.  *Id*.  Indeed, "[i]t is impossible to cause

7   bodily injury without applying force" in the above sense.  *Id*. at 1415.  That is why the

8   Court also held that "a 'bodily injury' must result from 'physical force.'"  *Id*. at 1414.

9   Cruz was thus flatly wrong to argue that a carjacker does not use or threaten physical

10  force when he "place[s] another in fear of bodily harm by threatening to *poison* that

11  person if he does not turn over his car[], to release hazardous chemicals into the car, to

12  place a barrier in front of the car if the person attempts to drive off, or to lock the person

13  up in the car on a hot day."  (ECF No. 20 at 9.)

14        Cruz also argued that a defendant could carjack by intimidation by threatening the

15  victim with physical injury by means of an omission akin to "a doctor who deliberately

16  withholds vital medicine from a sick patient."  (ECF No. 20 at 8, quoting *Chrzanoski* v.

17  *Ashcroft*, 327 F.3d 188, 196 [2nd Cir. 2003]).  The court recognizes that a defendant who

18  legally causes physical injury through an act of omission can, indeed, do so without using

19  physical force.  *See*, *e.g.*, *United States* v. *Resendiz-Moreno*, 705 F.3d 203, 205 (5th Cir.

20  2013) ("a person can commit first-degree child cruelty and maliciously inflict excessive

21  pain upon a child by depriving the child of medicine or by some other act of omission

22  that does not involve the use of physical force").  But, the court does not find it possible

1    to commit a carjacking under 18 U.S.C. § 2119 by threatening to injure the victim by

2    means of negligence or neglect.  A carjacker who threatens to do nothing for the victim

3    does not evince an intent to kill or maim the victim.  Moreover, a reasonable person in

4    the victim's shoes would not find the threat objectively intimidating.  After all, if

5    someone owes a special duty of care to the victim and then threatens to neglect the victim

6    if she does not hand over her car, the victim can always find someone else to render her

7    that duty.

8           A threat becomes intimidating when it is "calculated to create the impression that

9    any resistance or defiance . . . would be met with force," because force can cause injury

10   much more immediately and directly than neglect.  *See Jones*, 932 F.2d at 625.  Even if a

11   carjacking by threat of neglect were technically possible, the court will not deem a statute

12   overbroad based on such "fanciful, hypothetical scenarios."  *Fish*, 758 F.3d at 6 (citing

13   *Gonzales* v. *Duenas-Alvarez*, 549 U.S. 183, 193 [2007]).  Accordingly, the court finds

14   that Cruz's arguments against 18 U.S.C. § 2119 as a crime of violence are unavailing.

15          The court also finds that the trial evidence was legally sufficient to support the

16   convictions.  Each victim testified that Cruz took their car by pressing a gun against them

17   and demanding obedience.  None of the victims suggested that the gun could have been a

18   toy, a replica, or a BB gun.  For example, the victim of the June 30, 2015, carjacking,

19   who was six months pregnant at the time, testified that Cruz had approached her while

20   she was exiting her car after returning home from a yoga class.  According to her

21   testimony, Cruz pointed a silver revolver at her, ordered her to get into the front

22   passenger seat of her car, pressed the gun against her neck, warned her that she would not

1   live to see her baby born if she did not cooperate, drove her car to an ATM where he

2   withdrew $500 from her account, drove her to a dark and abandoned place where he

3   sexually assaulted her, drove her to the vicinity of his housing project, exited her car, and

4   then ordered her to drive off, warning her to not call the police on him because he had a

5   gun and knew where she lived.

6          Next, the victim of the July 11, 2015, carjacking testified that Cruz had

7   approached her while she was at a gas station, adding air to the tires of her car.

8   According to her testimony, Cruz pointed a black pistol at her face, told her "this is an

9   assault," threatened to shoot her if she did not let him in her car, had her drive to an ATM

10  where he withdrew most of the money in her account, and pressed the gun against her

11  ribs the entire time, before having her drop him off next to his housing project.  This

12  victim identified the black pistol as looking exactly like the black Austrian-made .40-

13  caliber Glock pistol that the police recovered, according to the trial testimony of a Puerto

14  Rico Police Department officer, from a bag inside of the washing machine in the kitchen

15  of Cruz's apartment on the night of his arrest later that month.

16         Finally, the victim of the July 18, 2015, carjacking testified that Cruz approached

17  her while she was waiting in her car on Isla Verde Avenue near the InterContinental

18  Hotel.  According to her testimony, Cruz entered her car, pointed a black-and-silver pistol

19  at her face, threatened to kill her if she tried to escape, ordered her to move over to the

20  front passenger seat of the car, had her to place a shirt over her head and eyes, pressed the

21  gun against her head, forced her to swallow five tranquilizer pills, drove her car to an

22  ATM where he withdrew money from her account, got angry that she had only $42 in the

Civil No. 3:15-CR-00486 (JAF)                                                           -11-

1    bank, drove her to a desolate location, told her that she would now pay him in another

2    manner, raped her in her own car, repeated that he would shoot her if she tried to escape,

3    swore that a shootout would result if she somehow contacted the police, and drove her to a

4    motel where he raped her again,[3] ultimately releasing her after hours of captivity.  The victim

5    did not try to escape because Cruz had repeatedly threatened her with the gun.   Once

6    credited, the above evidence was clearly sufficient to support the jury's verdict of guilty as to

7    the gun counts.

8          In sum, carjacking is categorically a crime of violence for purposes of 18 U.S.C.

9    § 924(c) because carjacking necessarily involves the use, attempted use, or threatened use of

10   physical force.   Moreover, the evidence at trial was legally sufficient to support Cruz's

11   convictions.  Accordingly, Cruz's Rule 29 motion was **DENIED**.

12         **IT IS SO ORDERED.**

13         San Juan, Puerto Rico, this 21st day of October, 2015.

14                                                              S/José Antonio Fusté
15                                                              JOSE ANTONIO FUSTE
16                                                              U. S. DISTRICT JUDGE

---

[3] The trial testimony of the supervisor of the motel, if credited, clearly established that the motel at which Cruz raped the third victim, while a shirt was still wrapped around her head and eyes, was only a distant relation of the motor inns that dot the interstate highway system in the continental United States. As was also established by several photographic exhibits, the "motel" consisted of a few dozen separate structures, arrayed along a private road. According to the supervisor, the motel is mostly used by people for sex. The motel is based around discretion, and the privacy and anonymity afforded to its clients. Each structure can be rented for a twelve-hour period.  To check in, a client need only pull his car into the garage of a structure, and open up his car window enough to pay a fee to the roaming attendant who will then close the garage door to indicate the structure is being used.  The client may then enter the barren room attached to the garage, which is furnished with a wide bed and a chair-like device intended to position a body for sex.  The motel assumes that a client has checked out once he reopens the garage door and drives away.  The motel does not record anyone's name; instead, it only keeps track of the license-plate of the car to which a structure has been rented.  A ledger from the night of the third carjacking showed that the motel was conducting brisk business at around 3:00 a.m., when Cruz arrived at the motel with the victim hidden under a shirt in the reclined passenger seat of her car.  The victim managed to glimpse the name of the motel as they entered the compound.  The roaming attendant then marked down the license plate of her car.